NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIXON SANTOS DELEON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 19-72894
20-72498

Agency No. A087-682-901

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 27, 2023**
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Petitioner Nixon Santos Diaz ("Santos"), a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his application for cancellation of removal and his subsequent motion to reopen. We lack jurisdiction to review the agency's "exceptional and extremely unusual

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

hardship" determination related to an application for cancellation of removal unless a plausible constitutional question or question of law is raised. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). We review a denial of a motion to reopen for abuse of discretion. *Aguilar Fermin v. Barr,* 958 F.3d 887, 892 (9th Cir. 2020). We conclude that we do not have jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the BIA's denial of Santos's application for cancellation of removal, but we have jurisdiction under 8 U.S.C. § 1252 to review the denial of a motion to reopen. We dismiss Santos's petition to review the denial of his application for cancellation of removal and deny his petition to review the denial of his motion to reopen.

1. The immigration courts did not lack jurisdiction due to an initially deficient notice to appear ("NTA"). Under our prior precedent in *Karingithi v. Whitaker,* 913 F.3d 1158, 1160 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d at 895, we held that an initial NTA that lacked the required regulatory contents did not deprive the immigration courts of jurisdiction and that the NTA could later be cured, as it was in Santos's case. The immigration courts properly had jurisdiction in the present case. *See also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

2. Santos did not raise a colorable question of law that would vest us with

jurisdiction over the BIA's denial of his application for cancellation of removal. Despite Santos's claims, we do not have jurisdiction to review whether the BIA or the Immigration Judge ("IJ"), to the extent the BIA's opinion incorporated the IJ's reasoning, properly weighed the evidence. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchiz-Soto*, 688 F.3d at 644. Though we have previously held that we have jurisdiction to "review whether the IJ considered relevant evidence in making [the otherwise unreviewable discretionary] decision," *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019), we still require a petitioner to exhaust their argument before the BIA under the administrative exhaustion requirement. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). To the extent that Santos's other contentions constitute an argument that the BIA failed to consider his relevant evidence in the immigration proceedings, Santos has not fulfilled the requirement for administrative exhaustion. We do not have jurisdiction to review Santos's petition related to his application for cancellation of removal absent any showing of constitutional or legal defect.

3. The BIA did not abuse its discretion in denying Santos's motion to reopen. We will reverse the BIA's denial only if it was "arbitrary, irrational, or contrary to law" as required under the abuse of discretion standard of review. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020).

The BIA did not abuse its discretion in its decision. The applicable regulation states that a "motion to reopen proceedings shall not be granted unless it

3

appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA considered the additional evidence that Santos submitted, finding that the threats made against him and the rest of his family occurred before his hearing and Santos did not sufficiently prove that the evidence could not have been discovered and presented at his previous hearing. Also, the BIA found that Santos's other evidence, such as the attached country conditions report and evidence of the Guatemalan president's decision not to renew the mandate of the International Commission against Impunity, was not particularized enough to show how it would have affected Santos specifically.

As to Santos's claim that the BIA ignored his motion to reconsider by treating it as just a motion to reopen, the motion submitted by Santos to the BIA did not meet the regulatory requirements for a motion to reconsider. A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Santos's motion did not specify the errors of fact or law, focusing instead on additional information gathered since the last hearing. The BIA did not abuse its discretion in treating Santos's joint motions solely as a motion to reopen.

**PETITIONS DISMISSED IN PART AND DENIED IN PART.**

4